Campbell, Chief Justice,
concurring.
I concur in the conclusion reached in this case because of the Lynah case. But for that case, I would conclude that the principle announced in Gibson's case, 166 U. S., 269, 29 C. Cls., 18; Bedford's case, 192 U. S., 217, 36 C. Cls., 474, and Greenleaf v. Garrison, 237 U. S., 251, would govern.
The lands claimed to have been taken were subject to tidal overflow twice daily until by embankments and other artificial means overflows were controlled and the lands drained at low tide. In improving the navigation of Savannah River the Government was exercising a constitutional right and power. Its work did not cause the lands to be overflowed; they were subject to overflow. But because of the Government’s works in improving navigation the lands could not be drained when and as drainage was required in the proper culture of rice.
The reclamation of the lands and the embankments made by the owners for said purpose, it would seem from said cases, were subservient to the dominant right of the Government to improve the navigation of said river, and any damage caused thereby would be consequential damage, not cognizable by this court.